IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE, | ) |
| | ) |
| | ) Case No. 11-34938 |
| | ) |
| Frederick D Magaru and Winiflor Magaru, | ) Chapter 13 |
| | ) |
| | ) Hon. Judge Lashonda A. Hunt |
| | ) |

**NOTICE OF MOTION**

**To: Attached Service List**

PLEASE TAKE NOTICE that on the 22th day of May, 2017 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Judge Lashonda A. Hunt, Bankruptcy Judge, in the room usually occupied by her, courtroom 719, in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **DEBTOR'S MOTION FOR COURT DETERMINATION OF FINAL CURE AND PAYMENT**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

**CERTIFICATE OF SERVICE**

The undersigned, being first dully sworn on oath deposes and states that he caused a copy of the above Notice and attached document, to be served electronically through the Courts Electronic Registration on all registered parties and via first class mail on all parties listed on the attached Service list on the 5th Day on May 2017, before the hour of 5:00 pm.

/s/ O. Allan Fridman

Atty. No. 6274954
Allan Fridman
555 Skokie Blvd., Suite 500
Northbrook, IL 60062 (847) 412-0788

1

**SERVICE LIST**

VIA ECF:

Marilyn O Marshall
224 South Michigan Ste 800
Chicago, IL 60604
312-431-1300
courtdocs@chi13.com

Carlos Hernandez- Vivoni
Ditech Financial LLC
Buckley Madole, P.C.
P.O. Box 9013
Addison, TX 75001
POCinquires@buckleymadole.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| IN RE,<br>Frederick D Magaru and Winiflor Magaru, | )<br>)<br>)<br>) Case No. 11-34938<br>)<br>) Chapter 13<br>)<br>) Hon. Judge Lashonda Hunt<br>)<br>)<br>) |

**DEBTOR'S MOTION FOR COURT DETERMINATION OF FINAL CURE
AND PAYMENT PURSUANT TO BANKRUPTCY RULE 3001.1(H)**

Now comes the Debtor, Frederick D Magaru and Winiflor Magaru, by and through their attorneys, O. Allan Fridman, and moves this court for an order to determine of final cure and payment pursuant to bankruptcy rule 3001.1(h). In further support the Movant states as follows:

**JURISDICTION AND VENUE**

1. This proceeding arises from the above-captioned Chapter 13 case under Title 11 of the U.S. Code. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. §S 1334 and 157(b)(2) of Title 28 of the United States Code.

2. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(k) and the Bankruptcy Court has jurisdiction to enter a final order.

3. Venue is proper in this court pursuant toll U.S.C. § 1409, as the underlying bankruptcy case was filed in this District and the subject real estate is located in Cook County, Illinois.

5. The Plaintiffs are individuals currently residing at 827 Maple Lane, Wheeling, IL 60090 (the "Real Property").

6. Plaintiffs filed the underlying bankruptcy case, 11 B 34938, on August 26, 2011

1

under Chapter 13 of the U.S. Bankruptcy Code ("Code"), currently pending before this Court.

7. The Debtor's plan was confirmed on December 19, 2011, after a lien strip adversary was resolved to remove the second lien on the Debtor's property.

8. On March 29, 2017, the Trustee Filed A Notice of Final Cure Mortgage Payment pursuant to Rule 3002.1

9. On April 13, 2017, The Lender Ditech Financial LLC, filed a Response to the Notice of Final Cure claiming that the Debtor have not paid their Mortgage payments since August of 2016 and owes a balance of $24,785.05. The total was calculated based on a increased escrow analysis.

10. As shown in Group Exhibit A, the Debtor has made all the payments since August 2016.

## RELIEF REQUESTED

11. The Debtor seeks a determination that the post-petition payments are current pursuant to Rule 3002.1(h).

## BASIS FOR RELIEF

12. Bankruptcy Rule 3002.1(h), which provides:

> (h) Determination of Final Cure and Payment. On motion of the debtor or trustee filed within 21 days after service of the statement under subdivision (g) of this rule, the court shall, after notice and hearing, determine whether the debtor has cured the default and paid all required postpetition amounts

13. Bankruptcy Rule 3002.1 was adopted to resolve significant and often hidden problems encountered by Chapter 13 debtors who utilized § 1322(b)(5) of the Bankruptcy Code to cure mortgage defaults in their confirmed plans. While debtors could cure an arrearage on their principal residence under § 1322(b)(5), they often incurred significant fees and other costs as a result of postpetition defaults or from interest or escrow fluctuations

under the terms of the original loan documents. *In re Abbiehl*, 2012 Bankr. LEXIS 5551, *20-21 (Bankr. N.D. Ind. Sept. 25, 2012)

14. The *Abbiehl*, Court ruled that Bankruptcy Rule 3002.1 attempts to remedy this problem by requiring creditors to provide debtors with timely notice of any charges or payment changes that may occur postpetition

15. The Court held that the purpose of the rule was provide the Debtor with accurate information and to determine "whether there is a question as to the status of a debtor's home loan at the conclusion of the chapter 13 case," rather than to determine only whether the default has been cured and the payments are current. *In re Abbiehl*, 2012 Bankr. LEXIS 5551, *22 * (Bankr. N.D. Ind. Sept. 25, 2012)

16. Bankruptcy Rule 3002.1(g) states that the mortgage holder's response to the notice of final cure payment does not enjoy the same prima facie presumption set forth in Bankruptcy Rule 3001(f). *In re Howard*, 2016 Bankr. LEXIS 4567, *7 (Bankr. N.D. Cal. Aug. 15, 2016) *In In re Howard* the court concluded the mortgage holder has the burden to establish the prepetition cure amounts and outstanding postpetition obligations on the mortgage.

17. As shown by exhibit A, the copies of the cancelled checks from the Debtor payments the allegations of no payments since September of 2016 for a balance $24,785.05, cannot stand in light of the canceled checks.

WHEREFORE, pursuant to Fed. Bankr. Rule 3002.1(h), the Debtor moves for this determination, and ask this issue be set for hearing and any other relief in their favor this court deems necessary and just.

/s/ O. Allan Fridman
Attorney for Debtor

O. Allan Fridman
555 Skokie, Blvd., Suite 500
Northbrook, IL 60062,
tel: 847-412-0788 Attorney Code: 6274954

3