IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE,<br>Frederick D Magaru and Winiflor Magaru, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-34938<br><br>Chapter 13<br><br>Hon. Judge Lashonda Hunt |

**DEBTOR'S REPLY IN SUPPORT OF THE MOTION FOR COURT DETERMINATION OF FINAL CURE AND PAYMENT PURSUANT TO BANKRUPTCY RULE 3001.1(H)**

Now comes the Debtors, Frederick D Magaru and Winiflor Magaru, by and through their attorneys, O. Allan Fridman, and submits this reply in support of their motion to determine of final cure and payment pursuant to bankruptcy rule 3001.1(h). In further support the Movant states as follows:

**FACTUAL BACKGROUND**

1. Plaintiffs filed the underlying bankruptcy case, 11 B 34938, on August 26, 2011 under Chapter 13 of the U.S. Bankruptcy Code ("Code"), currently pending before this Court.

2. The Debtor's plan was confirmed on December 19, 2011, after a lien strip adversary was resolved to remove the second lien on the Debtor's property.

3. On March 29, 2017, the Trustee Filed a Notice of Final Cure Mortgage Payment pursuant to Rule 3002.1

4. On April 13, 2017[1], the lender Ditech Financial LLC ("the Lender[2]"), filed a

---

[1] The April payment was not due at the time of the Response as there is a 15-day grace period for residential mortgage payments.

[2] During the course of this Chapter 13, the loan was originated through Bank of America, then sold to Nationstar, then to Residential solutions, then to Ditech. On July 3, 2017, the Debtor was informed that the Loan was transferred to Shellpoint.

1

Response to the Notice of Final Cure ("Cure Response") claiming that the Debtor have not paid their Mortgage payments since August of 2016 and owes a balance of $24,785.05. See Exhibit 2.

5. On May 5, 2017, the Debtors filed their motion to determine Final Cure and Payment pursuant to Rule 3002.1. The Motion attached copies of cleared checks and image captures for the 8 payments since August 2016 showing that the payments alleged by the Lender were in fact paid. See DKT 107.

6. On May 8, 2017, the Lender filed a Response to the Motion stating that the loan was now due for July 2016 and that some payments came after the Response was filed. Response at paragraph 7. The Response attached as Exhibit A, a purported payment history alleging that were properly applied.

7. As shown by the Debtors Exhibit 2, the Lender has failed to apply to Debtor's loan 11 payments for a total of $23,162.79.

8. Moreover, as shown on Exhibit 2, beginning on Bates Number page 63 through 73, the Debtor made and Lender cleared checks from July 2016 through May 2017.

9. On May 31, 2017, the Debtors received a discharge pursuant to the confirmed plan.

## ARGUMENT

10. The Response completely ignores the fact that the allegation in the Cure Response that there was no payment for the months of August 1, 2016 to April 1, 2016, was false. See attached in Exhibit 1. The Cure Response was seeking a payment that was not even due at the time it was filed. As shown by Exhibit 2 Bates Stamp page 64 to 72, the Lender received and cleared checks for those months. The Lender has made no effort to correct the false statement in the Cure Response. See Exhibit 1.

11. After reviewing, all the payments shown in the Lender's Exhibit A, the Lender has not given the Debtor credit for 11 payments for a total of $23,162.79. See Exhibit 2.

2

12.    The Debtors have paid to the Lender over $199,632.88 over the life of this Chapter 13 in addition to the $45,704.47 paid by the Chapter 13 Trustee. See DKT 105. Attached as Exhibit 3. Yet the Lender is seeking to hold the Debtor deficient for $24,785.05.

13.    Bankruptcy Rule 3002.1(g) states that the mortgage holder's response to the notice of final cure payment does not enjoy the same prima facie presumption set forth in Bankruptcy Rule 3001(f). *In re Howard*, 2016 Bankr. LEXIS 4567, *7 (Bankr. N.D. Cal. Aug. 15, 2016) *In In re Howard* the court concluded the mortgage holder has the burden to establish the prepetition cure amounts and outstanding postpetition obligations on the mortgage.

14.    As shown by Exhibit 2, the copies of the cancelled checks from the Debtor payments the allegations of no payments since either July or August of 2016 for a balance $24,785.05, cannot stand in light of the canceled checks.

WHEREFORE, pursuant to Fed. Bankr. Rule 3002.1(h), the Debtor moves for this determination and any other relief in their favor this court deems necessary and just.

/s/ O. Allan Fridman
Attorney for Debtor

O. Allan Fridman
555 Skokie, Blvd., Suite 500
Northbrook, IL 60062,
tel: 847-412-0788 Attorney Code: 6274954

3