| Name of Assigned Judge | LaShonda A. Hunt | CASE NO. | 11bk34938 |
|---|---|---|---|
| **DATE** | May 11, 2018 | | |
| **CASE TITLE** | In re Frederick D. Magaru and Winiflor Magaru | | |
| **TITLE OF ORDER** | Order Determining Final Cure and Payment | | |

**DOCKET ENTRY TEXT**

Order Determining Final Cure and Payment

## STATEMENT

This matter is before the court for ruling on the motion of debtors Frederick and Winiflor Magaru ("Debtors"), for a determination of final cure and post-petition mortgage payments to Ditech Financial, LLC ("Ditech"), pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 3002.1(h). The parties agree that the mortgage arrearage has been cured, but dispute whether Debtors owe further post-petition amounts. For the reasons that follow, the court finds in favor of Ditech.

## FACTUAL BACKGROUND

Debtors filed a chapter 13 bankruptcy petition in August 2011, and listed in their schedules a mortgage ("Loan") on their primary residence held by BAC Home Loan

| Name of Assigned Judge | LaShonda A. Hunt | **CASE NO.** | 11bk34938 |
|---|---|---|---|

Services, which ultimately merged with Bank of America, N.A. ("BOA"). (Dkt. #1). BOA filed a timely proof of claim for the amount of the mortgage note and arrearage. (Claim No. 10). Debtors' confirmed plan provided for full cure of the mortgage arrearage and direct monthly payments post-petition. (Dkt. #31). The Loan was subsequently transferred from BOA to Nationstar Mortgage, LLC, (Dkt. #65), then to Residential Credit Solutions, Inc., (dkt. #87), and finally, in October 2016, to Ditech, (Dkt. #91).

On March 29, 2017, the chapter 13 Trustee ("Trustee") filed a Notice of Final Cure Payment, pursuant to Rule 3002.1(f). (Dkt. #105). Ditech responded to the Notice on April 13, 2017, asserting that Debtors owed $24,785.05 post-petition due to missed payments since August 2016. On May 5, 2017, Debtors filed the instant motion seeking a determination under Rule 3002.1(h) that all they were current post-petition, as evidenced by copies of cancelled checks for payments during and after August 2016. (Dkt. #107, Exh. A). Ditech filed a revised response on May 18, 2017, stating the Debtors had been delinquent as of July 2016 (as opposed to August), and attached a chart showing that payments made post-July 2016 were applied to a pre-existing default. (Dkt. #108, Exh. A & Exh. B). In other words, Ditech's records reflected that Debtors had accumulated a seven-month default by missing post-petition payments in December 2011, January 2012, March 2012, May 2012, and July-September 2012. Although they made a lump-sum payment of $12,000 in November 2012, their account remained at least four months in default at that point. Debtors continued this pattern, missing additional payments for December 2012, March 2013, September 2013, December 2013, May 2014, October 2014, December 2015, July 2016, October 2016 and December 2016. So while the Debtors were technically correct that they had made payments after July 2016, they nonetheless continued to be in default on the mortgage due to earlier missed payments.

On July 11, 2017, Debtors filed their reply, arguing that Ditech failed to credit eleven (11) payments totaling $23,162.79, and reattaching exhibits from their original motion for support. (Dkt. #120, Exh.'s 1, 2, & 3). At the parties' request, the court continued this matter multiple times to allow the parties to investigate the payment history, particularly given the involvement of several mortgage servicers. Ditech finally

| Name of Assigned Judge | LaShonda A. Hunt | CASE NO. | 11bk34938 |
|---|---|---|---|

filed an amended response to the Notice on February 12, 2018, claiming a post-petition default of $9,987.02 for January-April 2017. Debtors advised the court that they did not want to file a further reply. The court offered to set the matter for hearing and both sides declined. Thus, the court will rule based on the written filings.

## DISCUSSION

Bankruptcy Rule 3002.1 applies to any claim secured by a security interest in the debtor's principal residence and provided for in a debtor's chapter 13 plan. Fed. R. Bankr. P. 3002.1; *In re Ferrell*, 580 B.R. 181, 184 (Bankr. D.S.C. 2017). At the end of the plan, the trustee must notify a mortgage creditor that plan payments have been completed. Fed. R. Bankr. P. 3002.1(f). The mortgageholder can then report whether the pre-petition arrearage has been cured and post-petition payments have been maintained. Fed. R. Bankr. P. 3002.1(g). The creditor must attach supplemental evidence to support its claim that the debtor has failed to cure a default or pay all required post-petition amounts. Fed. R. Bankr. P. 3002.1(g). A Rule 3002.1(g) supplement does not enjoy the same *prima facie* presumption of validity as does the mortgage creditor's underlying proof of claim pursuant to Rule 3001(f). Accordingly, that suggests that the creditor challenging the Notice bears the burden of proof on the issue. *Ferrell*, 580 B.R. at 185; *see also In re: Rodriguez*, No. 08-80025-G3-13, 2013 WL 3430872, at *3 (S.D. Tex. July 8, 2013).

Ditech has met its burden here. Debtors missed several post-petition mortgage payments since the plan was confirmed in December 2011, and never caught up completely. As a result, each subsequent payment was applied to the pre-existing default, rather than the currently monthly amount due. Ditech's amended response reflects that Debtors' last payment prior to the issuance of the Notice in March 2017, was applied toward the July 2016 payment. Taking into consideration amounts held in suspense, Ditech now indicates that the January-April 2017 payments remained in default. Debtors have not rebutted these numbers with evidence showing either post-petition payments that were actually made or misapplied. Therefore, Ditech prevails.

| Name of Assigned Judge | LaShonda A. Hunt | **CASE NO.** | 11bk34938 |
|---|---|---|---|

**CONCLUSION**

After considering the filings and supporting documents presented, the court holds that the final cure and payment amount due for outstanding post-petition payments is $9,987.02.

**Dated:** May 11, 2018

*LaShonda A. Hunt*
LaShonda A. Hunt
United States Bankruptcy Judge